FILED

2025 Mar-24  PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JACOB LOWE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:20-cv-01806-MHH** |
| | } | |
| **MARK PETTWAY,** *et al.***,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Following a jury verdict for Sheriff Pettway in this ADA action, Mr. Lowe filed a motion for judgment notwithstanding the verdict, or, in the alternative, a new trial.  (Doc. 67).  For the reasons stated below, the Court denies Mr. Lowe's motion.

### I.

Mr. Lowe formerly served as a deputy sheriff in the Jefferson County Sheriff's Office.  Mr. Lowe contends that Sheriff Mark Pettway fired him after he (Mr. Lowe) disclosed that he suffered from combat-related nightmares and substance abuse.  Mr. Lowe brought this action against Sheriff Pettway and Chief Deputy Willie Hill under the Americans for Disabilities Act, Title VII of the Civil Rights Act of 1964, and 42

1

U.S.C. § 1983. Following summary judgment proceedings, Mr. Lowe proceeded to trial against Sheriff Pettway on his ADA discrimination and retaliation claims.[1]

At the close of Mr. Lowe's case at trial, Sheriff Pettway moved for judgment as a matter of law on both claims. (Doc. 55). The Court granted the motion as to the ADA discrimination claim and denied the motion as to the ADA retaliation claim. (Doc. 63). At the close of evidence, Sheriff Pettway again moved for judgment as a matter of law on the ADA retaliation claim, and the Court denied the motion. (Docs. 56, 64). The jury found for Sheriff Pettway on the retaliation claim. (Doc. 62).

For Mr. Lowe to prevail on his ADA retaliation claim, the jury had to find that Mr. Lowe engaged in a protected activity, that the Sheriff's Office took an adverse employment action against him, that the Sheriff's Office did so because of Mr. Lowe's protected activity, and that Mr. Lowe suffered harm because of the adverse employment action. *Fraizer-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016).[2]

---

[1] *See* Doc. 38 for background information concerning Mr. Lowe's ADA claims.

[2] Verbatim, the Court instructed the jury that to prevail on his ADA retaliation claim, Mr. Lowe had to prove by a preponderance of the evidence that:

    1. He engaged in a protected activity;
    2. The Jefferson County Sheriff's Department then took an adverse employment action;
    3. The Jefferson County Sheriff's Department took the adverse employment action because of Mr. Lowe's protected activity; and
    4. Mr. Lowe suffered harm because of the adverse employment action.

(Doc. 65-2, p. 4).

The jury found that Mr. Lowe did not engage in a protected activity. (Doc. 62, p. 1).

In his post-trial motion, Mr. Lowe asserts that he is entitled to relief under Rules 50 of the Federal Rules of Civil Procedure because the jury's verdict is against the clear weight of the trial evidence. (Doc. 67, pp. 3–4, ¶ 6). Mr. Lowe also argues that he is entitled to a new trial under Rule 59 because the Court refused his request for a safe harbor instruction in response to a jury question. (Doc. 67, p. 4, ¶ 7). Sheriff Pettway argues that Mr. Lowe's motion is procedurally barred and that Mr. Lowe's arguments fail on the merits. (Doc. 72).

## II.

### A.

Under Rule 50(a), a party may move for judgment as a matter of law "at any time before the case is submitted to the jury." FED. R. CIV. P. 50(a)(2). Under Rule 50(b), a party may renew a motion for judgment as a matter of law after a jury renders a verdict. FED. R. CIV. P. 50(b). A party may not proceed on a Rule 50(b) motion "unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Sheriff Pettway moved for judgment as a matter of law during trial, (Docs. 55, 56), but Mr. Lowe did not. Mr. Lowe filed his first and only Rule 50 motion after the jury returned its verdict. (Doc. 67). Because Mr. Lowe did not bring a Rule

50(a) motion during trial, he may not seek relief under Rule 50(b). Therefore, the Court denies Mr. Lowe's motion for judgment not withstanding the verdict.

## B.

A losing party may seek a new trial under Rule 59 based on the instructions given to the jury. *McGinnis v. American Home Mortgage Serv., Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). Mr. Lowe argues that he is entitled to a new trial because the jury misunderstood the ADA's safe harbor provision for individuals whose ADA claim relates to illicit drug use. (Doc. 67, p. 4, ¶ 7). Mr. Lowe's argument rests on a question the jury posed during deliberations. The jury asked: "What is the ADA law (official) on receiving protection for drug abuse?" (Doc. 57). Mr. Lowe's argument for a new trial based on this question is procedurally and factually flawed.

Procedurally, the Court had the option of providing a safe harbor charge in response to the jury's question, but the Court exercised its discretion to decline to supplement the instructions the jury already had. *See* FED. R. CIV. P. 51(b)(3).[3] Here's why. Neither party requested a safe harbor charge before trial. (Doc. 50); *see* FED. R. CIV. P. 51(a)(1). Neither party requested a safe harbor instruction during the lengthy charge conference the Court held at the close of the evidence before

---

[3] *See SEC v. Yun,*, 327 F.3d 1263, 1281 n. 39 (11th Cir. 2003) ("A district court has broad discretion in formulating jury instructions.").

charging the jury.[4]  *See* FED. R. CIV. P. 51(a)(2).  Neither party objected to the
Court's jury instruction regarding ADA retaliation before or after the Court read to
the jury the instructions on the law.  *See* FED. R. CIV. P. 51(b)(2).  The ADA
retaliation charge that the Court gave is a correct statement of the law.  *See Fraizer-
White*, 818 F.3d at 1258.

In arguments outside of the hearing of the jury, Mr. Lowe's attorney raised
the safe harbor provision.  The Court declined to provide a safe harbor instruction in
response to the jury's question because the Court would have had to reopen closing
arguments to allow the parties to address the evidence that pertained to the
instruction.  Mr. Lowe's attorney objected to the Court's decision not to provide the
safe harbor instruction in response to the jury's question, but he did not propose
language for a safe harbor instruction to address the jury's question.[5]

Factually, Mr. Lowe argues that the Court should have provided a safe harbor
instruction because the trial evidence demonstrated that he used drugs only once.
(Doc. 67, p. 3, ¶ 6).  Mr. Lowe contends that "[t]he jury found that because Plaintiff
admitted to once using drugs, then Plaintiff could not qualify as a protected
individual under the ADA."  (Doc. 67, p. 3, ¶ 6).  According to Mr. Lowe, "[t]he

---

[4] A trial transcript is available upon request.

[5] Before answering the jury's question, the Court gave the parties the opportunity to suggest how
the Court should answer.  Mr. Lowe's attorney stated, "I leave it up to the Court. . . . The proper
answer on a law question is to read the law."

evidence overwhelmingly showed that [he] was not an active user of drugs, and thus was entitled to protection under the ADA when Plaintiff submitted to rehab." (Doc. 67, pp. 3–4, ¶ 6). The trial evidence contradicts these assertions.[6]

Mr. Lowe testified that in 2018, his work at the Sheriff's Office began to suffer as he wrestled with nightmares and PTSD. (Doc. 70, p. 6). Mr. Lowe stated that he began drinking heavily in late 2018, and he developed "pretty severe substance issues as well." (Doc. 70, p. 7). When asked if he had used drugs, Mr. Lowe testified that he used drugs "at a certain point" and "on certain occasions" during a two-week period. (Doc. 70, pp. 36–38). Mr. Lowe acknowledged that his illegal drug use contributed to his work performance issues. (Doc. 70, p. 38). Mr. Lowe also testified that when he entered the rehab facility on February 25, 2019, he had drugs in his system—drugs that he had been using on and off since early January 2019. (Doc. 70, p. 40). Mr. Lowe was employed with the Sheriff's Office in January and February 2019. (Doc. 15, pp. 4–5; Doc. 70, p. 40).

The ADA's safe harbor provision appears at 42 U.S.C. § 12114. Section 12114(a) states that "a qualified individual with a disability shall not include any employee or applicant who is currently engaging in the illegal use of drugs,

---

[6] When considering a motion for a new trial, a district court may consider all of the trial evidence. *McGinnis*, 817 F.3d at 1254–55.

when the covered entity acts on the basis of such use." 42 U.S.C. § 12114(a).

Section 12114(b) provides that § 12114(a) does not apply to an individual who:

1) has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in such use;

2) is participating in a supervised rehabilitation program and is no longer engaging in such use; or

3) is erroneously regarded as engaging in such use, but is not engaging in such use[.]

42 U.S.C. § 12114(b).

Given Mr. Lowe's testimony regarding his substance abuse and the legal standard for the safe harbor provision under § 12114(b), the Court cannot think of an instruction that would have permitted the jury to conclude under the safe harbor provision that Mr. Lowe engaged in protected activity, and Mr. Lowe has not proposed one. If the Court erred in failing to give a safe harbor instruction, on the record here, the error was harmless; the error did not affect Mr. Lowe's substantial rights. FED. R. CIV. P. 61; *Brink v. Direct General Ins. Co.,* 38 F.4th 917, 922 (11th Cir. 2022) (stating that a district court abuses its discretion by refusing to give a requested jury instruction when "(1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party") (citation omitted). Because a district court may grant a new trial "only when a court's jury

instructions [create] substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations," *Brink,* 38 F.4th at 922, the Court denies Mr. Lowe's motion for a new trial.

III.

For these reasons, the Court denies Mr. Lowe's motion for judgment notwithstanding verdict and his motion for a new trial. The Clerk shall please term Doc. 67.

**DONE** and **ORDERED** this March 24, 2025.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE